UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

YESH MUSIC, LLC., BRYAN EICH, and
RICHARD CUPOLO,

Case No.: 19-cv-2673

Plaintiffs,

**ECF CASE**

v.

**COMPLAINT AND JURY DEMAND
FOR DAMAGES FOR COPYRIGHT
INFRINGEMENT**

MYSPACE LLC a/k/a LEGACY VISION LLC,

Defendant.

--------------------------------------------------------------x

Plaintiffs Yesh Music, LLC ("YESH"), Bryan Eich ("EICH"), and Richard Cupolo

("CUPOLO") by and through the undersigned counsel, bring this Complaint and Jury Demand

against defendant MySpace LLC a/k/a Legacy Vision LLC ("MYSPACE") for damages based

on copyright infringement pursuant to the Copyright Act and Copyright Revisions Act, 17

U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act").  Plaintiffs allege below upon their

personal knowledge, and upon information and belief as to other matters so indicated.

## NATURE OF THE ACTION

1.      Defendant, without authority or license from plaintiffs, unlawfully publicly

performed, displayed, and/or distributed plaintiffs' sixty-three (63) copyrighted recordings (the

"Copyrighted Recordings") in violation of plaintiffs' exclusive rights under Section 106 of the

Act.

2.      Defendant's website is accessible through the URL <www.myspace.com> (the

"Website" or "Music Player").  Defendant, for each of plaintiffs' Copyrighted Recordings,

embedded codes linking each recording to music-only videos on third-party YouTube's servers.

Defendant also built substantial functionality on top of each of the embedded links, allowing any

user to: (i) pause, (ii) fast-forward, (iii) rewind, (iv) add to mix, (v) add to a queue, (vi) link, (vii)

embed, (viii) go to next video in queue, (ix) go to previous recording in queue, and (x) share

each a direct infringement of each of the Copyrighted Recordings.

3.      Embedding the links to third-party content, building substantial functionality

separate and apart from the third-party content, and/or knowingly linking to infringing third-

party content are each separate acts of infringement.

4.      Plaintiffs have been injured as a result of defendant's acts of infringement, and are

entitled to defendant's profit, plaintiffs' losses, an election of statutory damages, and attorney's

fees.

**JURISDICTION**

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

6.      The Court has personal jurisdiction over defendant for at least four reasons: (1)

defendant has committed acts of copyright infringement in this District and elsewhere in New

York; (2) defendant regularly does business or solicits business in this District and in New York;

(3) defendant engages in other persistent courses of conduct and derives substantial revenue from

products and/or services provided to individuals in this District and in New York; and, (4)

defendant has purposefully established substantial, systematic, and continuous contacts with this

District and should reasonably expect to be haled into court here.  Thus, the Court's exercise of

jurisdiction over defendant will not offend traditional notions of fair play and substantial justice.

7.      Defendant's parent company Viant Technology LLC is located in this District.

8.      Plaintiffs YESH's, EICH's, and CUPOLO's Copyrighted Recordings were

registered for copyright protection with the U.S. Copyright Office prior to the filing of this

2

matter and satisfy the registration requirement as set forth in 17 U.S.C. § 411(a). See **Exhibits 1,2, and 3**.

9.    YESH was assigned all beneficial rights to its Copyrighted Recordings by the authors and said assignment has been registered with the U.S. Copyright Office. See **Exhibit 4**.

## VENUE

10.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

11.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (c)(2), (c)(3) and 1400(b) because plaintiff resides in this District, defendant is a foreign company that does business in the State of New York, defendant has committed acts of infringement in New York and in this District, a substantial part of the events or omissions giving rise to plaintiff's claims happened in this District, and defendant is subject to personal jurisdiction in the district.

12.    Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

## PARTIES

13.    At all times material hereto, plaintiff Yesh Music, LLC was, and is, a limited liability company organized under the laws of the State of New York, with its principal in this District.  YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings of the band The American Dollar.

14.    At all times material hereto, plaintiff Bryan Eich was, and is, an individual and resident of this District.  EICH has two (2) U.S. Copyright Registrations which defendant has infringed. See **Exhibit 2**.

15.     At all times material hereto, plaintiff Richard Cupolo was, and is, an individual and resident of this District.  CUPOLO has ten (10) U.S. Copyright Registrations which defendant has infringed. See **Exhibit 3**.

16.     Upon information and belief, MySpace LLC a/k/a Legacy Vision LLC is a limited liability company, having its principal place of business located at 6100 Center Drive, Suite 800, Los Angeles, CA 90045.

## FACTS

17.     Plaintiff YESH is comprised of two professional musicians from Queens.  The two managing members of plaintiff are Richard Cupolo and John Emanuele, who are also the only two members of the band "The American Dollar".  Messrs. Cupolo and Emanuele formed "The American Dollar" shortly after graduating college.  Within three years, both Cupolo and Emanuele were successful enough to earn a living solely from the revenue generated from their recordings.

18.     Soon after making the transition to full-time musicians, it became apparent that licensing was going to be the key to the band's revenue generation.  Yesh Music, LLC was formed to handle all of the licensing requests.  Cupolo and Emanuele formed YESH and then assigned all of their rights to all recordings made under the "The American Dollar" name to the company.

19.     Plaintiff EICH is an individual musician and owner of two (2) U.S. Copyright Registrations covering two albums of recordings Sleeping by a Wire, and Devil in Disguise, both of which have been infringed by defendant. See **Exhibit 2**.

20.     Plaintiff CUPOLO is an individual musician and released works under his solo

project called City Society.  CUPOLO is the owner of ten (10) U.S. Copyright Registrations, all

of which have been infringed by defendant. See **Exhibit 3**.

21.     As independent professional musicians, plaintiffs rely on each stream of revenue

for their livelihood.  By depriving plaintiffs of a single stream of revenue, defendant has put

plaintiffs' livelihood in jeopardy.

22.     Upon information and belief, defendant MYSPACE operates as a social

networking website focusing on music and is located at <www.myspace.com>.  Defendant

allows its members to set up personal profiles that can be linked together through networks of

friends.

23.     Upon information and belief, in or around 2014 defendant was owned by Time,

Inc.  Time changed the name of "MySpace Inc." to "Legacy Vision LLC".  Time, Inc. then,

transferred all of MySpace's assets to Viant, and registered a brand new company called --

MySpace LLC.

24.     Defendant's business generates significant revenue through the service of directed

advertisements to every user, and the collection and sale of data on its millions of users.  The

data collected consists of each user's posts, music preferences, and other activities on and off the

website.  Defendant sells that data at a premium.

### DEFENDANT'S WEBSITE

25.     Defendant's website allows a user to enter the name of a song, album, or artist, in

the query box at the top of the page.  In response, that song, album, or artist's complete work is

listed in a music player (the "Music Player").

26.     Once the user clicks on the play button next to a recording, an I-Frame is opened

on the lower part of the web page which is populated by generally a music-only video.  The

mostly unlicensed video content is seamlessly served from third-party YouTube's servers.

27.     An "I Frame" (short for inline frame) is an HTML element that allows an external

webpage to be embedded in an HTML document.  Unlike traditional frames, which were used to

create the structure of a webpage, I Frames can be inserted anywhere within a webpage layout.

28.     The user has no way of knowing the content for each recording is being provided

by YouTube.  As the below screenshot for the recording "Time" demonstrates:



YouTube video

29.     The only way a user would be able to determine the content is generated by

YouTube is if the user scrolls over video, at which point a small YouTube appears in the corner

as the below screen-shot demonstrates.



30.     At all times material to this Complaint, defendant embedded in the code to its

Website a link to third-party YouTube's servers for each of plaintiffs' Copyrighted Recording.

Defendant also created "functionality" separate and apart from YouTube.  That functionality

allows any user to: (i) pause, (ii) fast-forward, (iii) rewind, (iv) add to mix, (v) add to a queue,

(vi) link, (vii) embed, (viii) go to next video in queue, (ix) go to previous recording in queue, and

(x) share the recording.  This is a direct infringement of each of the Copyrighted Recordings.

31.     Defendant overlaps its own functionality on top of the third-party content.

32.     The functionality is from code served from the defendant's servers and interacts

seamlessly with the music-only video.

33.     If the user selects another recording, the first disappears and the second starts to

play seamlessly.

34.     Below is a screen shot, taken on May 6, 2019 of defendant's Music Player



Play, Pause, Previous/Next Track buttons

35.     As the above demonstrates, the Play/Pause, Previous Track, Next Track buttons

are separate and apart from the content served by YouTube.

36.     At all times relevant to this Complaint, defendant incorporated a fast forward and

rewind feature as shown below.

37.     The user can move the blue bar at the bottom to any point in the song.  This feature is separate and apart from the third-party provided content, it comes from code on defendant's servers.

38.     The "Link, Queue, Share, add to Mix, Profile Song, Link/Embed" button is also separate and apart from the video content from the third-party.  Below is a screenshot taken on May 6, 2019 of the Copyrighted Recording "Starscapes".



39.     The "Like" button allows users to like each recording on the MYSPACE website not YouTube.

40.     The "Queue" button allows users to place each recording into a queue on the MYSPACE website not YouTube.

41.     The "Share" button allows users to share the MYSPACE website's URL for the recording not YouTube.

42.     The "Add to Mix" button allows users to place each recording into a mix of various selected recordings on the MYSPACE website not YouTube.

43.     The "Link/Embed" button allows users to Link or embed the recording as provided by MYSPACE.  In other words, the Link button links to MYSPACE (same with the embed button).

44.     For example, the link code for YESH's recording "Starscapes" by The American

Dollar is <https://mysp.ac/4NoiS?play=1>.  This URL, if written or pasted into a browser, goes

directly to Starscapes on MYSPACE.

45.     The embed code offered by defendant to embed "Starscapes" on the users website

is: <iframe width="300" height="90" src="//**media.myspace.com/play/song/starscapes**-

64221795-70276037" frameborder="0" allowtransparency="true" webkitallowfullscreen

mozallowfullscreen allowfullscreen></iframe><p><a

href="https://myspace.com/americandollarband/music/song/starscapes-64221795-

70276037">Starscapes</a> from <a href="https://myspace.com/americandollarband">American

Dollar (Live Album August 15)</a> on <a href="https://myspace.com">Myspace</a>.</p>.

46.     Once again, defendant allows any user to embed a link to the recording on the

MYSPACE website with that code.

47.     When a user on the MYSPACE website double clicks on the video of the

recording, the page expands – on the MYSPACE website.

48.     For example, below is a screenshot of the video for the recording Mosaics.  The

below is a full-screen on MYSPACE.



49.    The only way the user can get to YouTube is if he/she clicks on the almost

imperceptible YouTube at the bottom, which appears only if the user moves his mouse over the

video.



50.    As is apparent from the screen-shot, the YouTube button is barely noticeable.

51.    Defendant actively took steps to display the Copyrighted Recordings even though

the videos containing the Copyrighted Recordings are stored on a third-party's servers (namely

YouTube).  This violates plaintiffs' rights under Section 106 of the Act and plaintiffs has been

injured in an amount to be determined at trial.

52.    Defendant displayed the Copyrighted Recordings by embedding links to the

videos synchronizing each Copyrighted Recording onto its website.  Defendant displayed, and/or

distributed each Copyrighted Recording by building functionality on top of the third-party

content.  This violates plaintiff's rights under Section 106 of the Act and plaintiff has been

injured in an amount to be determined at trial.

**DEFENDANT EMBEDDED EACH LINK TO EACH COPYRIGHTED RECORDING**

53.     "Embedding" a link to a video requires a coder intentionally add a specific "embed" code to the HTML instructions that incorporate the link on the webpage.  While the embed code exists solely on defendant's computer, the video is hosted on a third-party server.

54.     For YESH's recording "Starscapes" the embed code provided by YouTube for embedding the video on defendant's website is "<iframe width="448" height="252" src="https://www.youtube.com/embed/rr5WXueaqpI" frameborder="0" allow="accelerometer; autoplay; encrypted-media; gyroscope; picture-in-picture" allowfullscreen></iframe>."

55.     Each of the Copyrighted Recordings has a similar embed code.

56.     Substantially all of the music videos embedded on defendant's website link to infringing content – a fact which defendant is well-aware.

57.     Unlike major labels, like SONY, Warner, Universal, or BMG; independent artists, like plaintiffs, have no ability to control the upload of third-party videos containing infringing uses of their copyrighted content.

58.     This means, independent artists suffer from scores of infringing uses on YouTube for each official track.

59.     It is impossible for independent artists to employ a full-time staff dedicated solely to serving DMCA Take-Down notices on YouTube for the thousands of infringing uses on YouTube.  Regardless, the DMCA process does not work because as quickly as infringing uses are taken off YouTube, new infringing uses are uploaded.

60.     The major labels, through the YouTube Content ID system available only for them can disable infringing videos without having to serve DMCA notices.  The major labels simply click on infringing uses and disable them.

61.     Of the sixty-three (63) music videos linked by defendant, only twelve (12) are licensed uses.  Defendant deliberately links to videos which are not official licensed video.  Rather it links to the video with the most plays, which is, apparently, almost always an infringing video.

62.     Defendant, without the assistance of any users, took active steps to put a process in place that resulted in a transmission of the infringing videos so that they could be visibly shown.  Most directly this was accomplished by the act of including the code in the overall design of the Music Player; that is, embedding.

63.     Defendant knew its blind linking to YouTube videos would link to unlicensed videos.  Defendant directly infringed, and its actions clearly satisfy the standard for enhanced damages under Section 504(c) of the Act.

<center>**FACTS SPECFIC TO PLAINTIFF YESH**</center>

64.     Defendant infringed YESH's rights under Section 106 of the Act to fifty-one (51) U.S. Copyright Registrations. See **Exhibit 1**.

65.     The below screenshot demonstrates each of the fifty-one (51) YESH U.S. Copyright Registrations.  The number of plays on the MYSPACE website is in the last column.

<center>13</center>



| | NAME | COMPOSER | ALBUM | DATE | TIME | PLAYS |
|---|---|---|---|---|---|---|
| 01 | Starscapes | American Dollar (Live Album August... | A Memory Stream | 2008 | 12:18 | 309 |
| 02 | A Few Words | American Dollar (Live Album August... | Atlas | 2009 | 4:33 | 328 |
| 03 | Circuits | American Dollar (Live Album August... | Atlas | 2009 | 4:20 | 200 |
| 04 | Equinox | American Dollar (Live Album August... | Atlas | 2009 | 5:42 | 202 |
| 05 | Shadows | American Dollar (Live Album August... | Atlas | 2009 | 4:03 | 245 |
| 06 | Age of Wonder | American Dollar (Live Album August... | Atlas | 2009 | 4:52 | 305 |
| 07 | Oil and Water | American Dollar (Live Album August... | Atlas | 2009 | 2:50 | 204 |
| 08 | Fade In Out | American Dollar (Live Album August... | Atlas | 2009 | 4:45 | 254 |
| 09 | Second Sight | American Dollar (Live Album August... | Atlas | 2009 | 3:27 | 159 |
| 10 | Clones | American Dollar (Live Album August... | Atlas | 2009 | 2:59 | 425 |
| 11 | Red Letter | American Dollar (Live Album August... | Atlas | 2009 | 4:10 | 177 |
| 12 | Flood | American Dollar (Live Album August... | Atlas | 2009 | 3:30 | 139 |
| 13 | Escapist | American Dollar (Live Album August... | Atlas | 2009 | 4:46 | 136 |
| 14 | Signaling Through The Flames | American Dollar (Live Album August... | The Technicolour Sleep | 2006 | 5:18 | 59,553 |
| 15 | The Slow Wait (Part 1) | American Dollar (Live Album August... | A Memory Stream | 2008 | 5:21 | 530 |
| 16 | Frontier Melt | American Dollar (Live Album August... | Atlas | 2009 | 0:48 | 189 |
| 17 | Call | American Dollar (Live Album August... | A Memory Stream | 2007 | 5:25 | 58,184 |
| 18 | Anything You Synthesize | American Dollar (Live Album August... | A Memory Stream | 2007 | 4:41 | 59,499 |
| 19 | Bump | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:17 | 232 |
| 20 | The Slow Wait (Part 2) | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:50 | 319 |
| 21 | Lights Dim | American Dollar (Live Album August... | A Memory Stream | 2008 | 4:02 | 206 |
| 22 | Anything You Synthesize | American Dollar (Live Album August... | A Memory Stream | 2008 | 4:41 | 475 |
| 23 | Our Hearts Are Read | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:55 | 173 |
| 24 | Intermission | American Dollar (Live Album August... | A Memory Stream | 2008 | 0:33 | 172 |



| | NAME | COMPOSER | ALBUM | DATE | TIME | PLAYS |
|---|---|---|---|---|---|---|
| 22 | Anything You Synthesize | American Dollar (Live Album August... | A Memory Stream | 2008 | 4:41 | 475 |
| 23 | Our Hearts Are Read | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:55 | 173 |
| 24 | Intermission | American Dollar (Live Album August... | A Memory Stream | 2008 | 0:33 | 172 |
| 25 | We're Hitting Everything | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:48 | 192 |
| 26 | Transcendence | American Dollar (Live Album August... | A Memory Stream | 2008 | 3:30 | 192 |
| 27 | Age of Wonder | American Dollar (Live Album August... | Atlas | 2009 | 4:52 | 1,020 |
| 28 | Heavy Eyes Ignite (Single Edit).mp3 | American Dollar (Live Album August... | Heavy Eyes Ignite | 2012 | 3:29 | 1,116 |
| 29 | Cambian | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:27 | 3 |
| 30 | The Technicolour Sleep | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:22 | 0 |
| 31 | Separate but Equal | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:58 | 0 |
| 32 | Daytrip | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:01 | 5 |
| 33 | Thompson | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 1:40 | 5 |
| 34 | Sands | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:16 | 4 |

| 52 | Chase | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:27 | 2 |
| 53 | Near East (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:05 | 2 |
| 54 | Transcendence (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:23 | 0 |
| 55 | Second Sight (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:23 | 2 |
| 56 | Anything You Synthesize (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:57 | 3 |
| 57 | Equinox (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 5:34 | 0 |
| 58 | Signaling Through the Flames (Film Edit) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:22 | 0 |
| 59 | Time (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 5:11 | 0 |
| 60 | Oil and Water (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:57 | 0 |
| 61 | Time (Film Edit) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:46 | 0 |
| 62 | Red Letter (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:19 | 0 |
| 63 | The Slow Wait (Part Two) (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:47 | 4 |
| 64 | Circuits (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:20 | 0 |
| 65 | Rudiments of a Spiritual Life (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:49 | 0 |
| 66 | The Slow Wait (Part One) (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:33 | 4 |
| 67 | Fade in out (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:59 | 0 |
| 68 | Signaling Through the Flames (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 5:01 | 2 |
| 69 | Shadows (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:10 | 0 |
| 70 | Age of Wonder (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 5:06 | 0 |
| 71 | Intro | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 2:38 | 2 |
| 72 | A Few Words (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 4:55 | 0 |
| 73 | We're Hitting Everything (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:11 | 0 |
| 74 | Starscapes (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 7:49 | 3 |
| 75 | Bump (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:30 | 0 |
| 76 | Dea (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:59 | 0 |
| 77 | Lights Dim (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 1:29 | 0 |
| 78 | Par Avion (Ambient) | American Dollar (Live Album August... | Music for Focus and Creativity | 2013 | 3:44 | 0 |
| 79 | Sands | American Dollar (Live Album August... | Music for Sleep | 2013 | 2:16 | 5 |
| 80 | Shadows (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 4:10 | 0 |
| 81 | Far Adrift | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:35 | 0 |
| 82 | Par Avion (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:44 | 1 |
| 83 | We're Hitting Everything (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:11 | 0 |
| 84 | Cambian | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:27 | 5 |
| 85 | Bump (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:30 | 0 |
| 86 | Chillpoint Break | American Dollar (Live Album August... | Music for Sleep | 2013 | 3:05 | 0 |
| 87 | Starscapes (Part One) (Ambient) | American Dollar (Live Album August... | Music for Sleep | 2013 | 2:18 | 7 |

66.     Each of the above recordings was registered for copyright prior to defendant's infringement.

67.     Plaintiff YESH did not give a license or permission to defendant for any use.

68.     YESH discover defendant's infringing activity in March 2019.

**FACTS SPECIFIC TO BRYAN EICH**

69.     Defendant infringed EICH's rights under Section 106 of the Act to two (2) U.S. Copyright Registrations.

70.     EICH's two (2) registrations are for the albums Sleeping By A Wire and Devil in Disguise. See **Exhibit 2**.

15

71.     As is demonstrated below, recordings from both albums were displayed,

puplically performed, and/or distributed.



72.     At no time did EICH grant a license or authority for defendant's infringing uses of

his recordings.

73.     Both U.S. Copyright Registrations were registered prior to defendant's

infringement.

74.     EICH discover defendant's infringing activity in May 2019.

**FACTS SPECIFIC TO RICH CUPOLO**

75.     Defendant infringed CUPOLO's rights under Section 106 of the Act to ten (10)

U.S. Copyright Registrations. See **Exhibit 3**.

16

76.     Each of the following ten (10) recordings were registered for protection prior to defendant's infringement.



77.     At no time did CUPOLO grant a license or authority to defendant for any use of his recordings.

78.     All ten (10) U.S. Copyright Registrations were registered prior to defendant's infringement.

79.     CUPOLO discover defendant's infringing activity in March 2019.

**FIRST CLAIM FOR RELIEF**
**<u>COPYRIGHT INFRINGEMENT</u>**

80.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

81.     It cannot be disputed that plaintiffs have valid, registered copyrights, and own all rights to the Copyrighted Recordings.

17

82.     By embedding the links to plaintiffs' Copyrighted Recordings in the code for defendant's website, without authority from plaintiffs, defendant publicly performed, publicly displayed, and/or distributed each of plaintiffs' Copyrighted Recordings.

83.     By uploading links to infringing content, defendant infringed plaintiff's right to display, publicly transmit, and/or publicly perform.

84.     By including functionality on top of the embedded links to plaintiffs' Copyrighted Recordings in the code for defendant's website, without authority from plaintiffs, defendant publicly performed, publicly displayed, and/or distributed each of plaintiffs' Copyrighted Recordings.

85.     Defendant's use of the Copyrighted Recordings was not for criticism, comment, news reporting, teaching, scholarship, or research.

86.     Defendant's use was not transformative.

87.     Defendant has intentionally infringed (pursuant to Section 504(c)) plaintiffs' exclusive rights set forth in Section 106 of the Act, and elsewhere.

88.     As a direct and proximate result of defendant's infringement, plaintiffs have incurred damages, and requests an award of defendant's profits, and plaintiffs' loss, plus costs, interest, and attorneys' fees.  Plaintiffs may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants awarding plaintiffs as follows:

1.      restitution of defendants' unlawful proceeds;

2.      compensatory damages in an amount to be ascertained at trial;

3.      statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.      reasonable attorneys' fees and costs (17 U.S.C. § 505);

5.      pre- and post-judgment interest to the extent allowable; and,

6.      such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 6, 2019                                    **GARBARINI FITZGERALD P.C.**
New York, New York

By:   _Richard M. Garbarini_
Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
245 Park Ave., 7th Fl.
New York, NY 10177

*Attorneys for Plaintiffs*